UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Valverde Financial Corp., *et al.*,

Plaintiff,

v.

Accretive Technology Group, Inc, *et al.*,

Defendant.

CASE NO.  C03-3154RSM

MEMORANDUM ORDER
DENYING DEFENDANTS'
MOTION FOR PARTIAL
SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendants' Motion for Partial Summary Judgment.  (Dkt. #63).  Defendants argue that plaintiff's claims should be dismissed because plaintiff, Castview, is a foreign corporation transacting business in Washington without a required certificate of authority.  Plaintiff argues that Castview is not transacting business in Washington within the meaning of the relevant statute, and therefore, is entitled to maintain this lawsuit.  For the reasons set forth below, the Court agrees with plaintiff, and DENIES defendants' motion for partial summary judgment.

ORDER
PAGE - 1

## II.  DISCUSSION

### A.  Background

Plaintiff Castview is a Nevada corporation that owns and operates two adult entertainment Internet sites, offering real-time video chat services at www.tricams.com and www.homesexnetwork.com.  (Dkt. #1 at 2 and 5).  Plaintiff currently maintains an office in Nevada, and has had an office there since its inception.  (Dkt. #67 at 2).  Ninety percent of plaintiff's operational aspects are handled out of The Netherlands, and its Internet servers are also located there.  Mr. Jaime Courtney is plaintiff's president.  (Dkt. #67 at 2).  Plaintiff has no employees.  (Dkt. #37 at 4).

Defendants, Accretive Technology Group, FCI, Inc., and RSE Internet, Inc., are Washington corporations that provide Internet hosting, management, marketing, and payment processing services.  (Dkt. #14 at 4).  Individually named defendants are employees of, or have ownership interests in, the defendant corporations.  (Dkt. #14 at 2-3).

This lawsuit arises from three agreements made between plaintiff and defendants relating to the operations of plaintiff's business and website services.  (Dkt. #1 at 5).  All three of those agreements were entered into and signed by the parties in the state of Washington.  (Dkt. #64 at 2).

In 2003, Mr. Courtney had a number of communications and dealings with defendants while he was in Silverdale, Washington, or other locations in Washington.  (Dkt. # 64 at 2).  He gave defendants an address in Silverdale, Washington, as a contact address for plaintiff.  This address also presently appears on plaintiff's Internet sites as a contact address for "Customer Service" and "Join HSN!".  (Dkt. #63 at 3).  The address is for a mail drop box, which is not in plaintiff's name, where employees of World Internet Services ("WIS") receive mail.   (Dkt #67 at 2).  Mr. Courtney is a principal of WIS, which is an independent contractor for plaintiff.  (Dkt. #67 at 2-3).

Plaintiff receives accounting services from an accounting firm in Bremerton, Washington.

1    (Dkt #65 at 4-5).  In December of 2004, plaintiff sent defendants a check, which had on it the

2    Silverdale address discussed above, and the Bremerton street address of plaintiff's accounting

3    firm.  (Dkts. #64 at 3 and #65 at 5).

4        Plaintiffs brought the instant action on October, 20 2003, alleging various claims for

5    relief, including embezzlement, breach of contract, conversion of funds, interference with

6    commerce by extortion, unfair competition, breach of fiduciary duty, racketeering, and

7    professional negligence.  The instant matter comes before the Court on defendants' motion for

8    summary judgement.  (Dkt. #63).

9        **B. Summary Judgment Standard**

10       Summary judgment is proper where "the pleadings, depositions, answers to

11   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

12   genuine issue as to any material fact and that the moving party is entitled to judgment as a

13   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

14   (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

15   *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

16   512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

17   genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

18   the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

19   summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

20   *Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

21       Genuine factual issues are those for which the evidence is such that "a reasonable jury

22   could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are

23   those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

24   summary judgment, a court does not weigh evidence to determine the truth of the matter, but

25   "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc*., 41 F.3d

26   547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

1    Interpretation of a statute is a question of law for the court.  *See Silver Sage Partners,*

2    *Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

3        **C.  Applicable Law**

4        Jurisdiction in the instant case is based on diversity of the parties.  Accordingly, the

5    issues presented are governed by Washington State law.  *See Klaxon Co. v. Stentor Electric*

6    *Mfg. Co.*, 313 U.S. 487, 496 (1941); *Insurance Co. N. Am. v. Federal Express Corp.*, 189 F.3d

7    914, 919 (9th Cir. 1999) (explaining that in the ordinary diversity case, federal courts apply the

8    substantive law of the forum in which the court is located).  The parties present no argument on

9    this issue.

10        **D.  Is plaintiff, under RCW 23B.15.010, a foreign corporation transacting business
     in Washington?**

11

12       Defendants argue that plaintiff, under RCW 23B.15.010, is transacting business in the

13   state of Washington, and has been transacting business in the state of Washington since at least

14   March of 2002.  (Dkt. #63 at 5).  Consequently, defendants assert that plaintiff may not maintain

     this lawsuit because it has failed to obtain a certificate of authority from the Washington

15   Secretary of State, pursuant to RCW 23B.15.020.  Plaintiff responds that it is not transacting

16   business in Washington, is not required to obtain a certificate of authority, and therefore, is

17   entitled to maintain this lawsuit in accordance with the governing law.  (Dkt. #68 at 2).

18   Accordingly, the threshold question in the instant matter is whether defendants have met their

19   burden of proving that plaintiff is a foreign corporation transacting business in Washington,

20   which requires a certificate of authority.

21       RCW 23B.15.010 and 23B.15.020 are "closed-door" statutes in that they bar foreign

22   corporations who are transacting business in Washington without a certificate of authority from

23   bringing a lawsuit in Washington courts.  RCW 23B.15.010 also lists a non-comprehensive list

24   of certain activities that are not considered "transacting business":

25               (1)  Unless it is otherwise authorized to transact business pursuant to a state
                 or federal statute, a foreign corporation may not transact business in this state

26

until it obtains a certificate of authority from the secretary of state.

(2)   The following activities, among others, do not constitute transacting business within the meaning of subsection (1) of this section:

(a)   Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes;

(b)   Holding meetings of the board of directors or shareholders or carrying on other activities concerning internal corporate affairs;

(c)    Maintaining bank accounts, share accounts in savings and loan associations, custodian or agency arrangements with a bank or trust company, or stock or bond brokerage accounts;
. . .

(e)   Selling through independent contractors;

(f)   Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where the orders require acceptance outside this state before becoming binding contracts and where the contracts do not involve any local performance other than delivery and installation;

(g)   Making loans or creating or acquiring evidences of debt, mortgages, or liens on real or personal property, or recording same;
. . .

(j)   Conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transaction of a like nature;

(k)   Transacting business in interstate commerce;
. . .

(3)   The list of activities in subsection (2) of this section is not exhaustive.

*Id.*

RCW 23B.15.020 bars a foreign corporation transacting business in Washington without a certificate of authority from maintaining a suit in any court in Washington, though a court may stay a proceeding until the foreign corporation obtains the certificate, if it determines the foreign corporation requires a certificate:

(1)   Unless it is otherwise authorized to transact business pursuant to a state or federal statute, a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.
. . .

(3)  A court may stay a proceeding commenced by a foreign corporation, its successor, or assignee until it determines whether the foreign corporation or its successor requires a certificate of authority.  If it so determines, the court may further stay the proceeding until the foreign corporation or its successor obtains the certificate.
. . .

*Id.*

Defendants argue that plaintiff is clearly transacting business in Washington because the contracts at issue in this case were entered into, and signed by, the parties in Washington state, plaintiff's customer and accounting services are conducted in Washington, and Mr. Courtney ran and managed the business while in Washington.  Specifically, defendants allege that from May 2002 through early 2003, Mr. Courtney operated Castview at office space located within defendants' business offices.  (Dkt. #63 at 3).  Defendants further allege that from early 2003 until approximately November 2003, Mr. Courtney had a number of communications and dealings with defendants while Mr. Courtney was in Silverdale, Washington, or other locations in the state.  (Dkt. #63 at 3).  Defendants also note that all of plaintiff's accounting functions are performed by an accounting firm located in Bremerton, Washington.  (Dkt. #63 at 3).  Finally, in December of 2004, plaintiff sent defendants a business check, which had on it the Silverdale address discussed above, and the Bremerton street address of plaintiff's accounting firm.  (Dkts. #64 at 3 and #65 at 5).  Thus, defendants argue that, under a plain meaning analysis of RCW 23B.15.010, plaintiff is transacting business in Washington, and any exceptions to the statute should be narrowly construed.

Based on those facts, the Court finds that defendants have not met their burden of proving that plaintiff is a foreign corporation transacting business without a proper certificate of authority.  *See Proctor & Gamble Co. v. King County,* 9 Wn.2d 655, 659 (1941) (noting that "[t]he burden to show the necessity for payment of license fee in such case is upon the defendant.").  First, defendants have not met their burden because some of plaintiff's activities are specifically exempt from the definition of transacting business under RCW 23B.15.010.  For

example, RCW 23B.15.010(2)(c) allows plaintiff to maintain bank accounts in Washington without being considered as transacting business. Thus, the business check containing a Washington address highlighted by defendants is not significant. Moreover, the primary business address that appears on the check is for a mailbox that is not in plaintiff's name.

Likewise, to the extent that plaintiff's operation of its websites is considered to be transacting business, it qualifies as interstate business, which is also exempt from the definition under RCW 23B.15.010(2)(k). Plaintiff is a Nevada corporation that sells adult entertainment over the Internet, and 90% of plaintiff's operational aspects are handled out of The Netherlands, where its Internet servers are also located. Internet sites proactively selling products and services have been deemed as engaging in interstate commerce. *See, e.g., Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) (noting that in the personal jurisdiction context, jurisdiction was proper because "[b]y advertising and offering its product for sale via the Internet, [the company] has placed its products into the stream of commerce intending that they would be purchased by consumers with access to the Web. . . .").

Second, defendants have not established that an agency relationship existed between either plaintiff and the Washington-based accounting firm, or plaintiff and Mr. Courtney. Whether plaintiff uses a Washington-based accountant is irrelevant, because defendants have not established that the firm acted as an agent for plaintiff. The firm operates as a separate and distinct entity from plaintiff, and has many other customers besides plaintiff. (Dkt. # 68 at 8). There is no evidence that plaintiff is an officer or director of the firm, or otherwise controls the firm in any manner. Nor is there any evidence that the accounting firm plays any role in plaintiff's business of operating its websites, other than providing accounting services. Thus, defendants have failed to establish that use of a Washington-based accountant constitutes "transaction of business" for purposes of the statute.

Moreover, the Court notes that there is a genuine dispute about whether Mr. Courtney ran and managed Castview while in Washington. Defendants contend that Mr. Courtney was

present in their offices in Seattle on a regular basis, where he operated Castview.  (Dkt #70 at

2).  Plaintiff argues that to the extent Mr. Courtney did any work in Washington, it was in his

capacity as a WIS employee, an independent contractor of plaintiff.  (Dkts. #67 at 3 & #68 at 7).

Accordingly, this raises a genuine issue of material fact, and summary judgment is not

appropriate.

Third, the Court finds that the Washington address used by Castview as a contact

address is not enough to establish that plaintiff is transacting business in Washington.  The

address is for a mail drop box, which is not in plaintiff's name.

Even if using a Washington-based accountant and utilizing a mail drop box satisfied the

plain meaning of transacting business under the statute, under Washington law, plaintiff's

business transactions in Washington must be substantial before a certificate of authority is

required.  *See Green Thumb, Inc. V. Tiegs*, 45 Wn. App. 672, 674 (1986) (noting that "[t]he

court in *Lawyers Coop.* made clear that the character and quality of business transactions within

Washington State must be substantial for licensure to be required.")[1] (citing *Lawyers Coop.*

*Pub'g Co. V. Kuntz*, 73 Wn.2d 674, 676 (1968)).  While defendants argue that the plain text of

the statute does not require such substantiality, that argument is flawed because it wholly

ignores the Washington case law to the contrary, such as *Green Thumb*, *supra*.  Thus, the Court

turns to whether plaintiff's business transactions are substantial.

Excluding the activities that are specifically exempt from the statute, the Court is left

with three activities that may or may not constitute transaction of business: use of an accountant

located in Washington State, use of a mail drop box located in Washington State, and the

creation of the contractual relationship in Washington State.

It is an undisputed fact that the contracts at issue in this case were entered into and

---

[1] Although *Green Thumb* and *Lawyers Coop.* involved interpretation of prior statutes controlling the question of licensure and bar from suit of foreign corporations, the same analysis applies to RCW 23B.15.010, at issue here.

1    signed by the parties in Washington state.  However, under Washington law, a stringent test of

2    what constitutes transacting business is applied to closed-door statutes.  *See Lawyers Coop.*, 73

3    Wn.2d at 676 (stating that "[b]usiness may be sufficient to subject the foreign corporation . . . to

4    the service of process, and yet insufficient to require it to take out a license.").  Similarly,

5    Washington courts agree that "[t]he mere existence of a contract with a resident of the forum

6    state does not alone automatically fulfill the 'purposeful' act requirement."  *MBM Fisheries v.*

7    *Bollinger Shipyard*, 60 Wn. App. 414, 423 (1991).  Thus, the mere signing of a contract,

8    without more, can not be considered substantial under the heightened test for RCW 23B.15.010.

9

10          Moreover, the case law pertaining to RCW 23B.15.010 and its predecessor statutes,

11   albeit sparse, supports a finding that plaintiff is not transacting business in Washington.[2]  In

12   *Smith & Co. v. Dickinson*, 81 Wn. 465, 466-68 (1914), the court held that a foreign

13   corporation's transactions within the state were incidental to interstate business.  These

14   transactions included selling merchandise at wholesale prices in Washington, soliciting orders

15   throughout the state by salesmen, who maintained offices in the Washington and appeared in

16   telephone and city directories, and delivering goods from outside of Washington.  *Id*.; *see also*

17   *Lawyers Coop.*, 73 Wn.2d at 676 (holding that a foreign corporation's transactions were an

18   incidental part of its regular interstate commerce where corporation solicited book sales in states

19   though its agents and acceptance of the contract occurred at corporation's out of state home

20   office).

21          In contrast, the court in *Dalton Adding Mach. Sales. Co. v. Lindquist*, 137 Wn. 375, 384

22   (1926), held that a foreign corporation was transacting business in Washington where goods

23   were shipped directly to its agents that then took orders to be filled from in-state stock.  The

24   court noted the importance of the fact that the goods were sold from Washington stock:

25   _____

26          [2]   Tellingly, defendants have not cited any Washington cases where a litigant seeking to invoke
     the bar against the foreign corporation has been successful.

9 - ORDER

[the foreign corporation] ships no goods upon orders taken by its agents. On the contrary, it ships its machines to its agents before any such orders are taken, for the purpose of having them sold by its agents, and the agents sell them from the general stock so shipped to whomsoever can be persuaded to buy them. Before any sale is attempted, the machines are within the state. They have come to a state of rest, and are a part of the general property within the state, protected by the laws of the state, and subject to the same condition with respect to their disposition as like property generally within the state is subjected. That a business so conducted is intrastate business, rather than interstate commerce business, is held by the authoritative court.

*Id.*; *see also Green Thumb*, 45 Wn. App. at 676 (stating that "[c]ases in Washington finding the actions of a foreign corporation extensive enough to require licensure have focused on a physical presence and conduct of business, usually through agents.").

*Dalton Adding Mach. Sales. Co.* is not readily analogous to the instant case, especially in light of the fact that plaintiff is not selling Washington goods or merchandise. Instead, this case is more similar to *Smith & Co.*, *supra*, as plaintiff's business transactions appear to be incidental to its interstate commerce. Moreover, plaintiff has no employees, which is significant because Washington courts have focused on a physical presence and conduct of business, usually through agents. Defendants have not established that plaintiff's use of a Washington-based accounting firm resulted in an agency relationship. In addition, the Washington address used by plaintiff as a contact address is an address for a mail drop box, which is not in plaintiff's name. Given these facts, the Court concludes that plaintiff's business transactions are not substantial enough to be considered transacting business in Washington under RCW 23B.15.010.

### III. CONCLUSION

Having reviewed defendants' motion for partial summary judgment (Dkt. #63), plaintiff's opposition (Dkt. #68), defendants' reply (Dkt. #69), the declarations and documentary evidence in support of those briefs, and the remainder of the record, the Court hereby DENIES defendants' motion for partial summary judgment in its entirety. Because the Court denies defendants' motion, it need not address plaintiff's request for a stay.

The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

1    DATED this 29th day of April, 2005.

2

3

4    RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11 - ORDER